## BESSIE L. COOMER v. STANDARD OIL, DIVISION OF AMERICAN OIL COMPANY.

248 N. W. 2d 322.

December 10, 1976—No. 46471.

*Murnane, Murnane, Conlin & White* and *James J. Boyd,* for relator.

*John L. Prueter,* for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

The employer seeks review of a decision of the Workers' Compensation Board finding that decedent employee's death by heart attack was causally related to an injury incurred during his employment and awarding respondent dependency benefits.

On November 29, 1967, decedent was injured when a 400- to 500-pound pump fell against his chest and left arm. He was hospitalized 5 days later for what was diagnosed as a "posterior inferior myocardial ischemia and/or infarction." The employer voluntarily paid workmen's compensation benefits for the medical expenses incurred and for total disability. On June 23, 1972, decedent died of acute coronary occlusion at his lake home.

The crucial question before the compensation board was whether the injury on November 29, 1967, was causally related to the fatal heart attack of June 23, 1972. Two expert medical witnesses expressed opinions on this issue. Dr. Thomas Arnold

testified that decedent had an advanced arteriosclerotic disease of the coronary arteries. He attributed the second heart attack and death to the process of this disease. He expressed his opinion that there was no causal relationship between the injury or first heart attack and the second heart attack or death.

Dr. Robert Schultz, a specialist in cardiovascular disease, was asked his opinion as to the relationship between decedent's death and the original injury and heart attack. He replied as follows:

"It was my impression that his sudden death was due to coronary artery disease which was also the origin of his heart attack back in 1967.

"Q. (By Mr. Prueter [attorney for respondent]) So putting it in simpler terms, in your opinion you have causally related his death back to the original heart attack?

"A. The original disease, yes.

"Q. *The original disease in '67, which was precipitated by his accident on November 29th of '67? Is that correct?*

"A. *Yes.*" (Italics supplied.)

On the basis of this testimony, the majority of the compensation board reversed the compensation judge and found a causal relationship between the November 1967 injury and the fatal heart attack in 1973. Dr. Schultz' testimony does not permit that conclusion. While the question and answer emphasized above, stripped from the context of Dr. Schultz' testimony, might support the board's conclusion, the obvious tenor of that testimony was that the fatal heart attack was causally related to the underlying artery disease, not the injury and first heart attack.

The question of causal relationship was an issue of fact to be determined upon the medical evidence presented. Since the compensation board's resolution of that issue is without the support of expert medical testimony, it cannot stand on appeal. Holmlund v. Standard Const. Co. 307 Minn. 383, 240 N. W. 2d 521 (1976).

Reversed.